UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. DELAMATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 13-cv-30084-KPN |
| v. | ) |
| | ) |
| ERIC K. SHINSEKI, as | ) |
| Secretary of the Department | ) |
| Of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In connection with the plaintiff's request for disclosure of documents concerning certain employees of the Department of Veterans Affairs ("DVA") which may be subject to the provisions of 5 U.S.C. § 552a (the "Privacy Act"), it is hereby stipulated by the plaintiff and the defendant and ordered by the court as follows:

1. The defendant may release in this litigation personnel information about DVA employees which the parties believe is relevant for discovery purposes and may be otherwise protected by the Privacy Act.

2. The defendant shall mark any document it produces which it believes may contain information subject to the Privacy Act as "Confidential" (hereafter "Confidential Information"). No person who has access to Confidential Information shall disclose such information to any person except for purposes of this litigation, and such information shall be used only for purposes of this litigation. Before any party to this litigation discloses any Confidential Information to any person, such person shall have read this Order.

3. The substance of Confidential Information shall not be distributed or otherwise disclosed except as provided herein.

4. The parties, expert witnesses, witnesses, and the parties' counsel and counsel's staff, may be permitted access to Confidential Information. However, such documents and information remain subject to objections (other than Privacy Act objections) raised by the defendant and no such objections are either waived or addressed by this Order. Expert witnesses and witnesses will sign an agreement to be bound by this Privacy Act order.

5. Persons who have access to Confidential Information shall, pursuant to the provisions of the Privacy Act, follow procedures sufficient to prevent any disclosure of information that would constitute an unwarranted invasion of personal privacy while such information is in their custody. Specifically, such persons shall control and supervise the documents and of information derived from them to prevent unauthorized or accidental disclosure of personal information. No person with access to Confidential Information may extract such information from these documents and retain for any other uses.

6. To the extent that deposition testimony concerns Confidential Information, the defendant shall designate upon review of the transcript any portion of the transcript which discloses Confidential Information as "Confidential," and such testimony shall not be distributed or otherwise conveyed to anyone except as provided herein.

7. The parties may mark and otherwise use Confidential Information as exhibits during the course of depositions to the extent necessary; including by displaying such documents to deponents upon expressly informing the deponent that personal information contained therein shall be kept confidential; and by questioning deponents concerning such documents. To the extent that any of the documents containing Confidential Information are used as exhibits or otherwise referred to during depositions, those exhibits and those portions of the deposition transcripts referring to the exhibits shall be designated as "Confidential," and any party filing any

such documents or testimony may move to impound the Confidential portion thereof, except as otherwise ordered by the Court.

8. The Court and the parties shall address the use at trial of Confidential Information at an appropriate time before trial.

9. Within 30 days of entry of final judgment in this matter, including any and all appeals, the parties shall return to the defendant's counsel all documents containing Confidential Information produced by the defendant, and all deposition transcripts designated as Confidential pursuant to this Protective Order. The parties, upon agreement, may destroy the documents containing confidential information in lieu of return same to defendant's counsel and plaintiff's counsel will execute an affidavit attesting to their destruction.

10. To the extent that either party wishes to modify or clarify any provision of this Order, or seek relief from any of its provisions, such party may move the Court for the requested relief.

11. This and order constitutes an exemption to the provisions of the Privacy Act of 1974 as embodied in 5 U.S.C. § 552a(b)(11) concerning the disclosure of such records.

SO ORDERED this 30 day of May, 2014.

UNITED STATES MAGISTRATE JUDGE
KENNETH P. NEIMAN